**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CLARENCE WHITWORTH,
Plaintiff-Appellant,

v.  No. 00-1000

FREIGHTLINER CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Carl Horn, III, Chief Magistrate Judge.
(CA-98-500-3-H)

Submitted: July 25, 2000

Decided: August 11, 2000

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Julie H. Fosbinder, Charlotte, North Carolina, for Appellant. Jay L.
Grytdahl, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Chi-
cago, Illinois, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1993, Clarence Whitworth was hired by Freightliner Corporation (Freightliner) as a truck assembler in its plant at Mount Holly, North Carolina. In January 1996, Whitworth was diagnosed with bilateral carpal tunnel syndrome. Whitworth went on medical leave to undergo three surgeries to relieve the condition. Doctors ultimately recommended, however, that Whitworth be restricted from the use of impact or vibratory tools.

The job of truck assembler covers many different tasks on and off the assembly line. Truck assemblers can be assigned to different positions within the classification from day to day, depending on manufacturing needs. Freightliner therefore requires that truck assemblers be able to perform many jobs within that classification.

For a period of time after Whitworth came back to work following his surgeries, he was assigned on a day-to-day basis to tasks within his restrictions. In January 1997, the company placed him on extended medical leave, on the ground that there was no more work within his restrictions. Whitworth filed a charge of discrimination with the Equal Employment Opportunity Commission. When the Commission issued a right to sue letter, Whitworth filed this action in state court, which Freightliner removed to federal court. After the parties conducted extensive discovery, the magistrate judge granted Freightliner's motion for summary judgment, and Whitworth appeals.[1]

We review a decision to grant or deny summary judgment de novo. See M & M Med. Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163 (4th Cir. 1992) (en banc). Summary judgment is proper only if no material facts are in dispute and the movant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. P. 56(c).

_____

[1] The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C.A. § 636(c) (West 1993 & Supp. 2000).

2

An individual is protected against discrimination based on disability if he is regarded by his employer as having a physical or mental impairment that substantially limits a major life activity. 42 U.S.C.A. § 12102(2) (West 1995). "Regarded as having a disability" means an employer mistakenly believes the employee has an impairment that substantially limits a major life activity, or that a real but nonlimiting impairment substantially limits a major life activity. Sutton v. United Air Lines, Inc., 119 S. Ct. 2139, 2149-50 (1999). See also 29 C.F.R. pt. 1630, App. 1630.2(l) (1999).

Whitworth argues that he presents adequate evidence to create an issue of fact as to whether Freightliner regarded him as substantially limited in the major life activity of working. As to working, "substantially limits" means restricts in the ability to perform either a class of jobs or a broad range of jobs in various classes, as compared to the average person having comparable training, skills and abilities. 29 C.F.R. § 1630.2(j)(3)(i). See also Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 302-04 (4th Cir. 1998). Disqualification from a single job is not adequate proof. Sutton, 119 S.Ct. at 2151.

The magistrate judge concluded that Whitworth did not create an issue of fact. Freightliner was aware of Whitworth's work-related injuries, his surgeries, and the limitations ultimately placed on him by his doctors. Based upon this information, Freightliner decided that Whitworth could not work as a truck assembler. The magistrate judge held that Freightliner did not have a mistaken understanding of Whitworth's condition and restrictions, but one based on the facts.

We conclude that the magistrate judge did not err. In the job of truck assembler, each worker must be capable of moving to a variety of positions within the plant according to the needs of the day. A great number of those positions involve repetitive work or work with vibratory or impact machinery, from which Whitworth was restricted. It is not inappropriate to require that an employee be able to perform multiple duties for a particular job classification. See Anderson v. Coors Brewing Co., 181 F.3d 1171, 1176-77 (10th Cir. 1999) (employer may define the job and functions necessary to perform it); Miller v. Illinois Dep't of Corrections, 107 F.3d 483, 485 (7th Cir. 1997) (employer with legitimate reason can require multiple duties within job classification). Thus, Whitworth did have a substantial impair-

3

ment from the position of truck assembler, and the employer did not have a mistaken belief concerning his limitations and abilities.[2]

We affirm the decision of the magistrate judge. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[2] Pursuant to a negotiated settlement of a union grievance, Whitworth returned to work at Freightliner in 1998 as a material handler, with the condition that he not seek to bid back into truck assembly.

4